# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL ECCLESTON JACKSON,** | : | **CIVIL NO. 3:15-CV-2046** |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **JEH JOHNSON,** *et al.*, | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Paul Eccleston Jackson ("Jackson"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 21, 2015, challenging his unlawful detention while awaiting a decision from the United States Court of Appeals on his Petition for Review of his final order of removal. (Doc. 1, p. 4). For the reasons set forth below, the petition will be denied.

## I.   Background

Jackson, sets forth the following in his Statement of Facts:

Petitioner, Paul Eccleston Jackson was ordered removed to Jamaica on April 10, 2012. [sic] [b]y a [sic] immigration judge in Miami Florida.

Petitioner was taken into I.C.E. Custody from the Bureau of Prisons on April 10 2015 from F.C.I. McKean in Bradford Pennsylvania under his legal name Paul Eccleston Jackson.

In I.C.E. custody and presently I.C.E. official change [sic] petitioner [sic] name to an AKA name Paul Eccleston Matthews and knowingly submitted false information to the Jamaica Consulate to procure travel documents to have

> petitioner remove [sic] under an alias name Paul Matthews from the United States in the month of May 2015. . .
>
> Currently Petitioner [sic] claim to U.S. Citizenship; is pending before the Third Circuit Court of Appeals case No: 15-2702.
>
> On July 28, 2015, a temporary stay was granted by the Third Circuit Court of Appeals.  See Nken v. Holder, 556 US 129 S Ct, 173 L ED 2d 550 (2009).
>
> On September 23, 2015 Petitioner sent a petition to field office director and Head quarters [sic] certified registered mail informing the Agency that he is a United States Citizen and his detention is unlawful.  Petitioner 180 days expired October 10, 2015.  Petition only remedy from indefinite detention is by way of judicial action.

(Doc. 1, pp. 3-4).

**II.    Discussion**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a ninety day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release.  See id. § 1231(a)(6).

2

Further detention is limited.  For instance, in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that such further detention under § 1231(a)(6) is only permissible for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention").

However, it has been held that the six-month presumptively reasonable post-order-removal period of <u>Zadvydas</u> is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal.  See <u>Casas–Castrillon v. Dep't of Homeland Sec.</u>, 535 F.3d 942 (9th Cir. 2008) (holding that when a circuit court has granted a stay of removal, "the removal period under § 1231(a) does not begin until [the circuit court] denies the petition and removes the stay of removal."); <u>Soberanes v. Comfort</u>, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]") (citing <u>Demore v. Kim</u>, 538 U.S. 510, 527-29, (2003)); <u>Wang v. Ashcroft</u>, 320 F.3d 130, 145-47 (2d Cir. 2003) (finding "where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order' "); <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002) (by applying for stay, petitioner interrupted the running of the time under <u>Zadvydas</u>); <u>Evangelista v. Ashcroft</u>, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002) (finding

that petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Yang v. Chertoff, No. 05-73098, 2005 WL 2177097, at *3 n. 6 (E.D. Mi. Sept. 8, 2005) ("when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture"); Haynes v. Dep't of Homeland Sec., No. 05-339, 2005 WL 1606321, at *3 (M.D. Pa. July 8, 2005) (concluding "when a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a 'final order' "); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003) (stating that as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E. D. Pa. July 1, 2002) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to the stay he requested).  The removal period begins to run on the date of the court's final order on the challenge to removal.  8 U.S.C. § 1231(a)(1)(B)(ii); see also 8 C.F.R. § 241.4(g)(1)(i)(B) (the pertinent Immigration and Naturalization Service regulations provide that the removal period "shall begin on the latest of the following dates: ... (B) If the . . .  court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed. . . .").

     Here, Jackson sought, and was granted, a stay of the removal order by the United States Court of Appeals for the Third Circuit.  This stay of removal remains in effect while the underlying petition for review is pending in the Court of Appeals.  Thus, this court finds

that, as the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, his continued detention is not in violation of his due process rights as long as his removal is reasonably foreseeable. Significantly, he has provided no evidence that ICE or the Department of Homeland Security will be unable to remove him within a reasonable time following the resolution of his petition for review. Accordingly, it appears that Jackson's continuing detention complies with the express provision of 8 U.S.C. § 1231(a)(1)(B)(ii).

Notwithstanding the foregoing, the court reminds Respondents that the Third Circuit has held that "[w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1999). The fact that a stay of removal has been issued in this case should not change the result. See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003). An alien not normally subject to indefinite detention, as in Zadvydas, should not be detained simply because he "seeks to explore avenues of relief" legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take. See Ly, 351 F.3d at 272. Custody reviews by immigration authorities are governed by 8 C.F.R. § 241.4(i), and may be guided by the procedural protections discussed by the Third Circuit in Ngo v. INS.

**III. Conclusion**

5

Based on the foregoing, the petition for writ of habeas corpus will be denied.  An appropriate order will issue.

**BY THE COURT:**

<u>**s/James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    October 27, 2015